HEATHER E. WILLIAMS, Bar #122664
Federal Defender
HANNAH R. LABAREE, Bar #294338
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
DERICK NOBLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERICK NOBLE,<br><br>Defendant. | Case No. 2:10-cr-437 WBS<br><br>**SECOND** STIPULATED *(CORRECTED)* **MOTION AND [lodged] ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE DRUGS-MINUS-TWO REDUCTION CASE<br><br>Judge: The Honorable WILLIAM B. SHUBB |

On October 15, 2015, this Court ordered Defendant's sentence reduced from 115 months to 92 months pursuant to the parties' stipulated motion under 18 U.S.C. § 3582(c)(2) and Amendment 782.  CR 311.  Defendant, DERICK NOBLE, by and through his attorney, Assistant Federal Defender Hannah R. Labaree, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Jason Hitt, now further stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o);

2. The sentencing range applicable to Mr. Noble was lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973;

3. Mr. Noble's total original offense level was 33, his criminal history category was V, and the resulting guideline range was 210 to 262 months. As a result of a government motion Mr. Noble received a term of imprisonment of 115 months;

4. Under Amendment 782, Mr. Noble's total offense level was reduced from 33 to 31, and his amended guideline range became 168 to 210 months. On October 15, 2015, this Court ordered Defendant's sentence reduced from 115 months to 92 months pursuant to the parties' stipulated motion under 18 U.S.C. § 3582(c)(2) and Amendment 782. (CR 311);

5. The parties hereby request a further reduction of three months to an amended term of 89 months imprisonment, which accurately represents a point "comparably less" than the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B);

6. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Noble's term of imprisonment to a term of 89 months. The parties agree this sentence is fair and reasonable pursuant to 18 U.S.C. § 3553(a).

7. The parties are able to provide further information to the Court if it is needed.

Respectfully submitted,

Dated: April 12, 2016                                   Dated: April 12, 2016

BENJAMIN B. WAGNER                                      HEATHER E. WILLIAMS
United States Attorney                                  Federal Defender


 /s/*Jason Hitt*                                         /s/ *Hannah R. Labaree*
JASON HITT                                              HANNAH R. LABAREE
Assistant U.S. Attorney                                 Assistant Federal Defender

Attorney for Plaintiff                                  Attorney for Defendant
UNITED STATES OF AMERICA                                DERICK NOBLE

## ORDER

The court has considered the above the stipulated motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The parties agree, and the Court has previously found, that defendant is entitled to the benefit Amendment 782, which reduces the total offense level from 33 to 31, resulting in an amended guideline range of 168 to 210 months. The original sentence took into account not only the guidelines as they existed at that time, but all of the relevant sentencing factors, as well as the government's motion for a departure under Section 5K1.1 of the Sentencing Guidelines. The court's subsequent determination to reduce the sentence to 92 months was not based just upon the mathematical computation to arrive at a reduction comparable to the sentence defendant originally received pursuant to § 1B1.10(b)(2)(B) of the Sentencing Guidelines, but also upon the court's consideration of the relevant and applicable sentencing factors under 18 U.S.C. § 3553(a). Notwithstanding the stipulations of counsel, upon a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) the court has an independent obligation to impose a sentence which is fair and reasonable pursuant to 18 U.S.C. § 3553(a). Upon further consideration of the entire record, including the pending motion for further reduction of sentence to 89 months, the court finds no reason to modify its previous order reducing the sentence to 92 months.

IT IS THEREFORE ORDERED defendant's stipulated motion for further reduction of his sentence to 89 months be, and the same hereby is, DENIED.

Dated: May 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE